**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| KENNETH MOORE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:20-cv-01638-HEA |
| | ) |
| ACCESS SECUREPAK, | ) |
| | ) |
| Defendant. | ) |

### OPINION, MEMORANDUM AND ORDER

This matter comes before the Court on review of a document filed by self-represented litigant Kenneth Moore that has been construed as a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff has not filed a motion for leave to proceed in forma pauperis or paid the $400 filing fee. Additionally, his complaint is not on a Court-provided form. For the reasons discussed below, plaintiff will be directed to either file a motion for leave to proceed in forma pauperis or pay the full filing fee, and to file an amended complaint on a Court form.

### The Complaint

Plaintiff is currently incarcerated at the California Men's Colony State Prison in San Luis Obispo, California. He has filed a handwritten civil rights complaint that names Access Securepak as the sole defendant. (Docket No. 1 at 1).

Plaintiff alleges that on July 29, 2020, his mother and father deposited $100 into an Access Securepak prepaid account. On August 30, 2020, his mother deposited another $100 into the account. (Docket No. 1 at 1-2). In October of 2020, plaintiff states that he received $70.25 worth of music. Plaintiff's mother contacted Access Securepak on November 13, 2020 to let them know that plaintiff had only received $70.25 worth of music. (Docket No. 1 at 2). Access Securepak

advised plaintiff's mother that plaintiff had only $70 left in his prepaid account. Plaintiff alleges that he should have $129 in his account, since he only received $70 worth of music. In short, he accuses Access Securepak of violating the law "by telling [him] that [he has] $50 less" than he is supposed to have in his account.

## Discussion

As noted above, plaintiff is a self-represented litigant who has filed a document with the Court construed as a civil action pursuant to 42 U.S.C. § 1983. For the reasons discussed below, the complaint is deficient and subject to dismissal. However, plaintiff will be allowed to file an amended complaint on a Court-form.

### A. Deficiencies in Complaint

Plaintiff's complaint is deficient because it is not on a Court form, as required. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms"). He also fails to assert the Court's jurisdiction to hear this case. That is, even though the Court has construed this as an action arising under 42 U.S.C. § 1983, plaintiff has not established that his case presents a federal question, or that diversity of citizenship jurisdiction exists. *See V S Ltd. P'ship v. Dep't of Hous. & Urban Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000) (stating that the burden of proving subject matter jurisdiction belongs to the plaintiff). Finally, plaintiff's vague allegations against Access Securepak do not provide supporting facts to demonstrate that plaintiff is entitled to relief. *See* Fed. R. Civ. P. 8(a)(2) (stating that "[a] pleading that states a claim for relief must contain…a short and plain statement of the claim showing that the pleader is entitled to relief"). Rather than dismissing this action, plaintiff will be given an opportunity to file an amended complaint according to the instructions set forth below.

### B. Amendment Instructions

Plaintiff should type or neatly print his amended complaint on the Court's civil rights form, which will be provided to him. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms"). If the amended complaint is handwritten, the writing must be legible. In the "Caption" section of the Court-provided form, plaintiff should clearly name each and every party he is intending to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). If there is not enough room in the caption, plaintiff may add additional sheets of paper. However, all the defendants must be clearly listed. Plaintiff should fill out the complaint form in its entirety.

In the "Statement of Claim" section, plaintiff should provide a short and plain statement of the factual allegations supporting his claim. *See* Fed. R. Civ. P. 8(a). Plaintiff should put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b).

The amended complaint should only include claims that arise out of the same transaction or occurrence. In other words, plaintiff should only include claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Alternatively, plaintiff may choose a single defendant and set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a).

In structuring his amended complaint, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should write a short and plain statement of the factual allegations supporting his claim against that specific defendant. If plaintiff is suing more than one defendant, he should follow the same procedure for each defendant.

Plaintiff is advised that he must provide factual allegations raising his right to relief above the speculative level. *See Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017) ("Courts are not bound

3

to accept as true a legal conclusion couched as a factual allegation, and factual allegations must be enough to raise a right to relief above the speculative level"). Plaintiff is also cautioned to avoid offering labels and conclusions, and instead provide factual allegations demonstrating what defendant did or did not do to harm him. *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017) ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do").

Plaintiff is warned that the filing of an amended complaint **completely replaces** the original complaint. This means that claims that are not re-alleged in the amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect").

After receiving the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915. Plaintiff's failure to make specific factual allegations against a defendant will result in the dismissal of that defendant. If plaintiff fails to file an amended complaint on a Court-provided form within **thirty (30) days** in accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice to plaintiff.

**C. Motion to Proceed in Forma Pauperis**

If plaintiff decides to file an amended complaint, he must either submit a motion for leave to proceed in forma pauperis, or pay the full $400 filing fee. To assist plaintiff, the Clerk of Court will be directed to send plaintiff a copy of the Court's motion to proceed in forma pauperis form. If plaintiff elects to file a motion for leave to proceed in forma pauperis, he must also include a copy of his certified inmate account statement for the six-month period immediately preceding the

filing of the complaint. *See* 28 U.S.C. § 1915(a)(2). The account statement is necessary so that the Court can assess an initial partial filing fee.

Plaintiff will be given **thirty (30) days** in which to comply. Failure to comply with this order will result in the dismissal of this action without prejudice and without further notice.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court is directed to mail to plaintiff a copy of the Court's prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to mail to plaintiff a copy of the Court's motion for leave to proceed in forma pauperis form.

**IT IS FURTHER ORDERED** that plaintiff must file an amended complaint on the Court-provided form within **thirty (30) days** of the date of this order.

**IT IS FURTHER ORDERED** that plaintiff must either pay the $400 filing fee or file a motion for leave to proceed in forma pauperis within **thirty (30) days** of the date of this order.

**IT IS FURTHER ORDERED** that if plaintiff files a motion for leave to proceed in forma pauperis, he must also submit a certified copy of his inmate account statement for the six-month period preceding the filing of the complaint.

**IT IS FURTHER ORDERED** that if plaintiff fails to file an amended complaint within **thirty (30) days** of the date of this order in accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the $400 filing fee or fails to file a motion for leave to proceed in forma pauperis within **thirty (30) days** of the date of this order, the Court will dismiss this action without prejudice and without further notice.

**IT IS FURTHER ORDERED** that upon receipt of the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915.

Dated this 23rd day of November, 2020.

*[signature]*

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE